## N. Swander v. A. J. Wakefield.

1. ANIMALS—*Running at Large—Exceptions to the General Law.*—
By Section 5, Chapter 8 (Starr & Curtis' Illinois Statutes Vol. 1, p. 400),
being a section of the act of 1895, concerning "Animals," all counties
and towns having in force local regulations restricting animals from
running at large are expressly excepted from the operations of that act.

2. SAME—*When Township Regulations Govern.*—Where a township
adopted resolutions prohibiting cattle and other animals from running
at large, prior to 1895, such resolutions govern, and the provisions of the
act of 1895 do not apply.

Replevin, of impounded cattle. Trial in the Circuit Court of Shelby
County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Finding and
judgment for plaintiff; appeal by defendant. Heard in this court at
the May term, 1899. Affirmed. Opinion filed September 20, 1899.

WALTER C. HEADEN, attorney for appellant.

THORNTON & RAGAN, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of replevin, tried before a justice of
the peace, in which the appellant sought to recover from
the appellee six head of cattle, which had been taken up
while running at large upon the highways and placed in
the town pound by appellee, as poundmaster of the town
of Cold Spring in Shelby county.

The case was appealed to the Circuit Court, where a jury
was waived and a trial had by the court, resulting in a find-
ing and judgment for the appellee, and directing that the
appellant pay to the appellee sixty cents or return the
cattle.

From this judgment appellant brings the case to this
court by appeal, and urges us to reverse that judgment
upon the grounds that under the provisions of the act of
1895, concerning animals running at large, the decisions of
our courts under previous statutes, and the resolutions of
the town of Cold Spring in force at the time, the cattle

must have been upon the highways of the town by permission or sufferance of the owner to justify their being taken up by the poundmaster.

The evidence shows that the cattle were found and taken up by appellee upon the highway and impounded, and that the town of Cold Spring at the time, and for several years prior thereto, had in force certain resolutions, regularly adopted by the annual town meeting in 1890, which provide that whenever cattle are found running at large, it shall be the duty of the poundmaster to cause them to be taken to the town pound, for which he shall be allowed a fee of ten cents for each head of cattle so impounded, as a compensation for his services in taking them up.

Sections 8, 9, 10 and 11, Paragraph 40 of Chapter 139, entitled " Township Organization " (Starr & Curtis' Illinois Statutes 1896, Vol. 3, p. 3927), provide, that town electors at town meetings shall have power to regulate and restrain the running at large of cattle; to establish and maintain pounds, which shall be under the care of the poundmaster, to elect and prescribe the duties of poundmaster, and to authorize the impounding and sale of cattle.

By Section 5, Chapter 8 (Starr & Curtis' Illinois Statutes, Vol. 1, p. 400), being a section of the act of 1895 concerning " Animals," all counties and towns having in force local regulations restraining animals from running at large are expressly excepted from the operations of that act, and as the town of Cold Spring, prior to 1895, adopted its resolutions prohibiting cattle and other animals from running at large, contrary to its provisions, its resolutions govern in this case, and the provisions of the act of 1895 do not apply.

The resolutions made it the imperative duty of the poundmaster to impound cattle found running at large in the town, and fixed his compensation therefor at the small sum of ten cents per head, but they do not provide that such running at large must be with the owner's permission or sufferance to authorize the poundmaster to take them up.

We think the resolutions were authorized for the mutual benefit of the public and owners of cattle, and that under

their provisions the appellee, as poundmaster, rightfully took up the cattle of appellant when he found them running at large upon the highways of the town, although they were not at large by the permission or sufferance of the appellant.

The evidence shows that the town resolutions also provide for the recovery, from the owner of cattle who suffers them to run at large, a penalty of twenty-five cents per head, which, when collected, shall be paid to the supervisor of the town; this case does not involve the validity of such penalty, but only the requirement to pay the poundmaster the compensation for taking up and caring for the cattle under circumstances which confer a benefit upon the owner and the public alike, and which is a wholesome and valid police regulation.

As the Circuit Court properly found the issues for the appellee, and properly applied the law in its holdings on the propositions submitted to it, we affirm its judgment. Judgment affirmed.